UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REUBEN F. AVENT,<br><br>                    Plaintiff,<br><br>        -against-<br><br>P.O. ESTERVEZ; UNKNOWN SENIOR PAROLE OFFICER; UNKNOWN PAROLE DIRECTOR; P.O. MEILUNAS; P.O. ARTHUR, P.O. COONS, P.O. BRIGGS, UNIDENTIFIED P.O. JOHN DOE; COMMISSIONER ANTHONY ANNUCCI; P.O. ESTERVEZ; NEW YORK STATE DIVISION OF PAROLE,<br><br>                    Defendants. | 20-CV-1197 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action seeking *habeas* relief and asserting civil rights claims under 42 U.S.C. § 1983. By order dated February 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

Plaintiff's 2001 Rockland County judgment of conviction was amended in 2009 to include a five-year term of post-release supervision. While Plaintiff was under parole supervision in Albany or Schenectady Counties in 2018, his parole was revoked because he refused to undergo mental health counseling. Plaintiff brought suit in the Northern District of New York, challenging his 2018 parole revocation and also asserting civil rights claims against his parole officers. *See Avent v. Meilunas*, No. 19-CV-0070, 2019 WL 2477933 (GLS) (DJS) (N.D.N.Y.).

Plaintiff now reasserts those civil rights claims and makes new allegations against the same parole officers from Albany or Schenectady Counties, and again challenges the 2018 parole revocation. He also challenges his 2009 resentencing in Rockland County, and brings claims

against parole officers who supervised him after his parole supervision was transferred to Manhattan.

For the reasons set forth below, the Court severs the claims arising in Albany and Schenectady Counties and transfers these claims to the United States District Court for the Northern District of New York. The Court also severs the claims challenging Plaintiff's 2009 Rockland County resentencing and directs the Clerk of Court to open such claims as a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 under a new docket number. Plaintiff's claims against Parole Officer Estervez and an unknown Senior Parole Officer, which arose in Manhattan, will proceed under this docket number.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In 2001, a jury in the County Court, Rockland County, convicted Plaintiff Reuben Avent of multiple charges. *See People v. Avent*, 29 A.D.3d 601 (2d Dep't May 2, 2006) (affirming October 23, 2001 judgment of the County Court, Rockland County), *lv denied*, 29 A.D.3d 601 (Dec. 7, 2007). Avent brought an Article 78 proceeding in the New York Supreme Court, Albany County, challenging the computation of his sentence, and on February 9, 2009, the court directed, among other things, that he be resentenced.[1]

On April 3, 2009, the Rockland County Court resentenced Avent, pursuant to Corrections Law § 601-d and Penal Law § 70.45, in order to include a five-year period of post-release supervision in his judgment. On appeal, the Appellate Division, Second Department, rejected

---

[1] Avent appealed the decision on his Article 78 petition to the Appellate Division, Third Department, which held that Avent's arguments about resentencing were best addressed on appeal from the Rockland County Court's resentencing order. *Avent v. Fischer*, 70 A.D.3d 1145, 1146 (3d Dep't Feb. 11, 2010).

Avent's objections to the imposition of post-release supervision, *People v. Avent*, 84 A.D.3d 973, 974 (2d Dep't May 10, 2011) (resentence affirmed), and public records do not reflect that he appealed to the New York Court of Appeals.[2] In April 2016, Avent was conditionally released to parole supervision.

After more than two years of supervision, on November 30, 2018, Parole Officer J. Meilunas and Senior Parole Officer R. Coons issued parole warrant #816806, in Albany, New York, on the grounds that Avent: (1) was not at home during his curfew hours; and (2) did not "enter, participate and successfully complete mental hygiene treatment as directed by his parole officer."[3] Avent, represented by court-appointed counsel, pleaded guilty to the second charge on or about December 26, 2018, and was restored to parole supervision. (*Id.* at ¶ 23).

Avent then filed a civil rights action against Albany Parole Officers Meilunas, Arthur, Coons, and Briggs; John Doe; Commissioner Annucci; and the New York State Division of Parole, *Avent v. Meilunas*, No. 19-CV-0070, 2019 WL 2477933 (GLS) (DJS) (N.D.N.Y. June 28, 2019) (dismissing claims against the Division of Parole based on Eleventh Amendment immunity; dismissing civil rights claims against remaining defendants without prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or for lack of personal involvement; and dismissing *habeas* challenge to parole revocation without prejudice for lack of exhaustion), *appeal dismissed*, No. 19-1909, 2020 WL 3619847, at *1 (2d Cir. Mar. 12, 2020) (holding that appeal "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)").

---

[2] In 2008, Avent filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his 2001 judgment. The district court denied the petition in 2013, after the Rockland County Court amended the judgment in 2009. *See Avent v. Napoli*, No. 08-CV-932 (VB), 2013 WL 1787568 (S.D.N.Y. Apr. 26, 2013).

[3] *Avent v. Meilunas*, No. 19-CV-0070 (GLS) (DJS) (N.D.N.Y.) (Compl., ECF 1-1 at 7-9.)

In this action, Plaintiff sues many of the same individuals that he sued in the Northern District of New York and reasserts many of the same claims that were dismissed without prejudice in that action. Plaintiff again names Albany Parole Officers Meilunas, Arthur, Coons, Briggs, and John Doe, raising claims relating to the 2018 parole revocation warrant #816806 and attempts by those parole officers to require him to undergo mental health treatment. He also again sues New York State Department of Corrections and Community Supervision (DOCCS) Commissioner Anthony Annucci and the New York State Division of Parole.

In addition, Plaintiff brings new claims arising in Manhattan. On July 1, 2019, Plaintiff's parole supervision was transferred to Manhattan, where he reported to Parole Officer Estervez. (Compl. at ¶ 32.) Plaintiff alleges that "P.O. Estervez is trying to take Avent's driving privileges that support him driving to and from work." (*Id.*) On January 2, 2020, Plaintiff was hired for a new job. A few days later, on January 8, 2020, Parole Officer Estervez, a senior parole officer, and a director "demanded Avent . . . have a mental health assessment." (*Id.* at ¶33). Plaintiff argues that the New York State Office of Mental Health was a proper referral agency for mental health treatment, but the Parole Office is not. (*Id.* at ¶ 34.)

Plaintiff seeks an injunction "restraining and prohibiting respondents from forcing petitioner to do anything involving his mental or physical health until the issues [raised in] this petition [are] resolved." (*Id.* at ¶ 36.) He also seeks *habeas* review of his 2009 resentencing to impose PRS (*id.* at 38) and his 2018 parole revocation pursuant to warrant #816806 (*id.* at 37).

## DISCUSSION

A.   **Habeas Challenge to 2009 Resentencing**

Plaintiff's 2001 Rockland County judgment of conviction was amended in 2009 to include a five-year term of post-release supervision. Plaintiff challenges his 2009 resentencing. Because Plaintiff challenges "the judgment of a State court only on the ground that he is in

5

custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254, this portion of the complaint could be liberally construed as a petition for a writ of *habeas corpus* under § 2254. The Court therefore severs Plaintiff's claims challenging his 2009 Rockland County resentencing and directs the Clerk of Court to open such claims under a separate civil docket number.

If Petitioner wishes to pursue relief under § 2254, he may notify the Court in writing within thirty days that he wishes to do so. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). The Court will dismiss that action without prejudice if Plaintiff does not notify the Court in writing within 30 days of his intent to pursue a petition under § 2254.

The Court notes, however, that it is unclear at this stage if such a challenge to the 2009 judgment qualifies as a successive § 2254 petition. An application is second or successive if a prior petition attacking the same conviction was adjudicated on the merits. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002). Generally, however, "an application challenging [a] new judgment is not second or successive," *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010), and a subsequent petition "is not successive regardless of whether it challenges the conviction, the sentence, or both," *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010). Petitioner brought a prior § 2254 petition in 2008, before the judgment was amended, but the petition was resolved in 2013, after his 2009 resentencing. *See Avent v. Napoli*, No. 08-CV-932 (VB), 2013 WL 1787568 (S.D.N.Y. Apr. 26, 2013).[4]

---

[4] Before a second or successive *habeas* petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A).

Moreover, a challenge to Avent's 2009 judgment, which had been amended to include PRS, may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates, that is, the date when: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2). The Appellate Division, Second Department, in 2011 affirmed the resentence on appeal, *People v. Avent*, 84 A.D.3d 973, 974 (2d Dep't May 10, 2011) (resentence affirmed), and public records do not reflect that Plaintiff appealed to the New York Court of Appeals.

If Plaintiff notifies the Court in writing within thirty days that he wishes to pursue a § 2254 petition challenging his 2009 judgment, and his petition for *habeas* relief proceeds under a new docket number, the district court may require him to file a declaration or amended § 2254 petition addressing these issues.

**B.     Claims Arising Within Northern District of New York**

Plaintiff asserts numerous claims that arose in Albany and Schenectady Counties, within the Northern District of New York. Plaintiff challenges his December 2018 parole revocation pursuant to warrant #816806, and he challenges the actions of Albany Parole Officers Meilunas, Arthur, Coons, Briggs, and John Doe. Some of these claims were previously litigated and others were dismissed without prejudice to refiling. The Court severs all claims arising in Albany and Schenectady Counties, whether seeking *habeas* relief or damages, and transfers such claims to the United States District Court for the Northern District of New York.

**C.      Claims against Parole Officers in Manhattan**

Plaintiff's claims against "[u]nknown Senior Parole Officer" and Parole Officer Estervez shall proceed under this docket number, and the Court will address Plaintiff's claims against these defendants by separate order.

**D.      Claims against the NYS Division of Parole and Commissioner Anthony Annucci**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the State of New York Division of Parole are therefore barred by the Eleventh Amendment and are dismissed.

The Eleventh Amendment also bars Plaintiff's official-capacity claims against Anthony Annucci, Commissioner of the New York State DOCCS. Moreover, Plaintiff does not make any allegations against Commissioner Annucci in the body of the complaint, and Plaintiff thus fails to state any claim against him in his personal capacity. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (holding that a civil rights plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation). The Court therefore dismisses Plaintiff's claims against Commissioner Annucci in both his personal and his official capacities. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses Plaintiff's claims against Commissioner Annucci and the New York State Division of Parole. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court severs Plaintiff's claims against Parole Officers Meilunas, Arthur, Coons, Briggs, and John Doe and Plaintiff's claims challenging his 2018 parole revocation and transfers these claims to the United States District Court for the Northern District of New York, where the claims arose.

The Court also severs Plaintiff's claims challenging his 2009 Rockland County resentencing, and directs the Clerk of Court to open such claims as a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 under a new docket number against the New York State Division of Parole. If Petitioner wishes to pursue relief under § 2254, he may notify the Court in writing within thirty days that he wishes to do so. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). The Court will dismiss the new action without prejudice if Plaintiff does not notify the Court in writing within 30 days of his intent to pursue a petition under § 2254.

Plaintiff's claims against Parole Officer Estervez and an unknown Senior Parole Officer, both from Manhattan, shall proceed under this docket number.

SO ORDERED.

Dated:   August 4, 2020
         New York, New York

                                                    _____
                                                    Louis L. Stanton
                                                    U.S.D.J.