UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

REUBEN AVENT,

                          Plaintiff,

v.                                       1:20-CV-908
                                                           (LEK/ATB)

P.O. MEILUNAS, et al.,

                          Defendants.

REUBEN AVENT, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983,[1] which was transferred from the Southern District of New York by the Honorable Louis L. Stanton, United States District Court Judge. (Dkt. Nos. 8, 9). Plaintiff sued a variety of defendants who reside in both the Northern and the Southern Districts of New York. Before transferring the action to the Northern District, Judge Stanton severed the claims pertaining to the Southern District defendants and transferred claims which arose in the Northern District of New York against defendants who reside in this district. (Dkt. No. 8).

**I.    In Forma Pauperis ("IFP")**

Plaintiff's application to proceed in IFP was granted in a previous order by the Honorable Colleen McMahon, United State District Court Judge. (Dkt. No. 4).

However, the court must still conduct an initial review of the plaintiff's action.

---

[1] The pleading purports to be a "complaint," brought pursuant to section 1983, but also contains allegations and requests for relief that could be interpreted as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The court will address these facts below.

28 U.S.C. § 1915 provides that the court shall dismiss the case *at any time* if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

II.  **Complaint**

The court will first outline the complaint as a whole and then discuss the procedural history, including Judge Stanton's order severing claims and defendants and transferring the remainder of the complaint to this court. The complaint names various parole officers who supervised the plaintiff after his 2016 release from incarceration to a term of post-release supervision ("PRS"). The PRS was imposed upon plaintiff's resentencing in 2009, which was several years after the plaintiff's 2001 state court conviction and initial sentencing. The parole officers who supervised plaintiff while he was in the Northern District of New York are defendants Meilunas, Arthur, Coons, Briggs, and a John Doe Officer.

Distilled to its essence, plaintiff's complaint alleges that the PRS was improperly imposed, and therefore, he could not have violated conditions of release in the Northern District of New York in 2018. Further, even if the PRS was properly imposed, defendants could not force plaintiff to undergo mental evaluations as a condition of release, causing him to violate that condition when he refused to do so. The complaint also alleges that the defendant parole officers in the Southern District of New York re-imposed the illegal conditions after his release and the transfer of his PRS to New York City in July of 2019. The complaint seeks both injunctive relief in the form of release from PRS[2] and substantial damages for alleged constitutional violations committed by the defendants.

### III. Background and Procedural History

---

[2] As stated above, any request for "injunctive relief" which includes release from PRS may only be brought in a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

3

This court refers to Judge Stanton's transfer order for some of the factual and procedural background in this case. Plaintiff has also filed a previous suit in the Northern District of New York which was dismissed after a Report and Recommendation by Magistrate Judge Daniel J. Stewart was adopted by the Honorable Senior United States District Court Judge Gary L. Sharpe. *Avent v. Meilunas*, No. 1:19-CV-70, 2019 WL 2477933 (GLS/DJS) (N.D.N.Y. Mar. 18, 2019), *report-recommendation adopted*, 2019 WL 1785085 (N.D.N.Y. Apr. 24, 2019). The court takes judicial notice of the complaint and exhibits that were filed with plaintiff's 2019 action. (19-CV-70) (Dkt. No. 1, 1-1, Exh. B-J)

Plaintiff was convicted in Rockland County in 2001. (Dkt. No. 8 at 1). In 2009, the Rockland County Court resentenced plaintiff pursuant to New York Corrections Law § 601-d and New York Penal Law § 70.45. (*Id.*) His resentencing included a five-year period of PRS. (*Id.*) The Appellate Division, Second Department denied plaintiff's appeal of the resentencing. *People v. Avent*, 84 A.D.3d 973, 974 (2d Dep't May 10, 2011) (resentence affirmed). In his transfer order, Judge Stanton states that "public records do not reflect that he appealed to the New York Court of Appeals." (*Id.* at 4).

Plaintiff was released to PRS in 2016, and in 2018, he was under supervision in Albany and Schenectady Counties. On November 30, 2018, defendants Meilunas and Coons issued a parole violation warrant, alleging that plaintiff "(1) was not at home during his curfew hours; and (2) did not "'enter, participate and successfully complete mental hygiene treatment as directed by his parole officer.'" (*Id.*) (citing *Avent v. Meilunas*, No. 19-CV-0070 (GLS/DJS) (N.D.N.Y.) (Compl., ECF 1-1 at 7-9)). Plaintiff

4

pled guilty to the first charge and was restored to parole supervision.³

Plaintiff then filed *Avent v. Meilunas*, No. 19-CV-70 against defendants Meilunas, Arthur, Coons, and Briggs; John Doe; Commissioner Annucci; and the New York State Division of Parole.  In 19-CV-70, plaintiff challenged the 2018 parole revocation as well as the conditions of his release relative to the mental health evaluations.⁴  Magistrate Judge Stewart recommended dismissing the claims against the Division of Parole based on Eleventh Amendment immunity; dismissing civil rights claims against remaining defendants without prejudice, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or for lack of personal involvement; and dismissing the habeas challenge to plaintiff's parole revocation without prejudice for lack of exhaustion.⁵ 2019 WL 2477933.  After Judge Sharpe adopted Magistrate Judge Stewart's recommendation, instead of taking the opportunity to amend his complaint, plaintiff appealed Judge Sharpe's order to the Second Circuit.  Plaintiff's appeal was dismissed because it "lack[ed] an arguable basis either in law or in fact." *Avent v. Meilunas*, No. 19-1909, 2020 WL 3619847, at *1 (2d Cir. Mar. 12, 2020) (citing *Neitzke v. Williams*,

---

³ Although Judge Stanton's order states that plaintiff pled guilty to the second charge and cites the complaint in Magistrate Judge Stewart's case, it appears that plaintiff actually pled guilty to the curfew charge (charge #1), the mental hygiene charge (charge #2) was withdrawn, and plaintiff was restored to PRS. *See Avent v. Meilunas*, No. 19-CV-70 (Dkt. No. 1 ¶ 23 & Ex. J pp.2-3).  The facts are confusing because the administrative hearing officer determined defendant Meilunas "proceeded with charge #2" and determined at the preliminary hearing that there was probable cause to believe that plaintiff violated charge #2. (*See id.* at Ex. G).

⁴ When plaintiff was restored to supervision, the mental health evaluation condition was again imposed, although it does not appear that plaintiff ever underwent such an evaluation in the Northern District of New York.

⁵ Because in his section 1983 complaint, plaintiff also requested relief that could be interpreted as requesting habeas corpus relief, Magistrate Judge Steward referred to the action as a "hybrid." 2019 WL 2477933, at *2.

490 U.S. 319, 325 (1989)).

Plaintiff's supervision was transferred back to New York City in July of 2019, and he began reporting to defendant Estervez[6] and another unknown parole officer. (Compl. ¶ 32). Plaintiff once again encountered problems with his supervision in Manhattan and ultimately filed this action in the Southern District of New York, challenging his new conditions and repeating some of the claims that he made in his 2019 Northern District of New York action. In addition to severing claims and ordering transfer of those claims to the Northern District, Judge Stanton conducted an initial review of the complaint/petition.

In his order, Judge Stanton stated that, to the extent that plaintiff was challenging his 2009 resentencing, he had to file a petition for habeas corpus. (Dkt. No. 8 at 7). The Court severed plaintiff's claims challenging his 2009 Rockland County resentencing, and directed the Clerk in the Southern District "to open such claims as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 under a new docket number against the New York State Division of Parole." (*Id.*) The court gave plaintiff the opportunity to notify the court in writing within thirty days if he wished to pursue the section 2254 action. (*Id.* at 9) (citing *Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003)).

Judge Stanton dismissed the complaint as against the New York State Board of

---

[6] It is unclear whether this defendant's name is Esteverez or Estevez. Plaintiff has listed both names in the caption. Any error is not relevant because one or both defendants is in the Southern District of New York and not a defendant in the severed action that was transferred to this district.

6

Parole pursuant to the Eleventh Amendment, and dismissed claims against defendant Annucci for lack of personal involvement and based on Eleventh Amendment immunity. (Dkt. No. 8 at 8). He ordered the civil rights claims against Manhattan defendants Estervez and the "unknown" parole officer regarding parole conditions to proceed under the original docket number in the Southern District of New York. The claims against the Northern District of New York Parole Officers were severed and transferred to this district. (*Id.* at 9).

## IV. **Transferred Claims**

The transferred claims in this action are against defendants Meilunas, Coons, Briggs, and a John Doe Officer. Paragraphs 8 to 30 of the complaint seem to deal with issues which arose in the Northern District of New York. With some exceptions all of the allegations in paragraphs 8-30 are identical to those in *Avent v. Meilunas*, No. 19-CV-70.[7] These allegations assert challenges to his parole conditions and to his ultimate parole revocation in 2018, before his supervision was transferred to Manhattan.

To the extent that plaintiff's claims were challenges to his "parole revocation" in

---

[7] Paragraph 13 of the current complaint and the complaint in 19-CV-70 both state that defendant Meilunas's reasons for a "mental health finding" were never justified nor mentioned at plaintiff's parole revocation proceedings. The current complaint adds a sentence about plaintiff being released from confinement after thirty days with no job. (Compl. ¶ 13). Paragraph 16 of 19-CV-70 and the current complaint allege that there were no reasons stated for the mental health recommendations in the conditions of release, other than plaintiff's "improper behavior." However, the current complaint also states in paragraph 16 that plaintiff lost another job. (Compl. ¶ 16). The court also notes that paragraph 29 in the current complaint and the same paragraph in 19-CV-70 state that on December 15, **2019**, defendant Arthur and the whole parole staff kept plaintiff in the parole office to discuss his Medicaid coverage. However, the date must be in error because 19-CV-70 was filed on January 18, 2019. Plaintiff may mean that he had a discussion about Medicaid in the Albany parole office on December 15, 2018, prior to his revocation hearing, and plaintiff's supervision was transferred to Manhattan in July of 2019.

7

2018, the proper vehicle was a petition for habeas corpus. Magistrate Judge Stewart found that plaintiff had failed to show that he exhausted his state court remedies, which is required prior to bringing a petition for habeas corpus. 2019 WL 2477933, at *3 (citing 28 U.S.C. § 2254(b)(1)). Exhaustion of state court remedies is required even if one is challenging a revocation of parole or other supervised release. *Id.* (citing *Lebron v. Annucci*, 2016 WL 1312564, at *2 (N.D.N.Y. Apr. 4, 2016) (citing *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2003); *McQueen v. Superintendent, Franklin Corr. Facility*, No. 9:15-CV-77 (JKS), 2015 WL 6449138, at *4 (N.D.N.Y. Oct. 23, 2015)).

Magistrate Judge Stewart stated that, in order to exhaust plaintiff's remedies with regard to the parole revocation, he would be required to complete his administrative appeals and bring an Article 78 proceeding in New York State Court. *Id.* (citing *Smith v. Smith*, No. 9:17-CV-0258 (DNH), 2018 WL 557877, at *4 (N.D.N.Y. Jan. 22, 2018) (quoting *McCullough v. New York State Div. of Parole*, No. 9:11-CV-1112 (DNH), 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015) and citing N.Y. Comp. Codes R & Regs tit. 9, § 8006.1.)) If the Article 78 proceeding is denied, he must appeal that denial to the highest court capable of reviewing it. *Smith v. Smith*, 2018 WL 557877, at *4 (citing *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005) (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)); *Santiago v. Unger*, No. 1:12-CV-133, 2013 WL 227757, at *8 (W.D.N.Y. Jan. 22, 2013)). It did not appear that plaintiff had accomplished any of these required procedural steps.

Magistrate Judge Stewart recommended, and Judge Sharpe adopted, the dismissal

of plaintiff's/petitioner's habeas claims[8] without prejudice to plaintiff exhausting his state court remedies. Although plaintiff claimed that he brought Article 78 proceedings in both Albany and Schenectady Counties, the petitions were allegedly "rejected," a statement that he repeats in this complaint. 2019 WL 2477933, at *3. (*See* Compl. ¶¶ 26-28).

Plaintiff's current complaint does not allege that he filed the proper state court challenges after Judge Stewart's and Judge Sharpe's decisions. In this new complaint, plaintiff states that he filed an Article 78 proceeding in New York County. New York County would not be the proper venue for a revocation proceeding that took place in Albany or Schenectady Counties. (Compl. ¶ 31). In any event, plaintiff does not indicate what issues he raised in that Article 78 proceeding and further states that "it was blocked" and "unfiled." (*Id.*) Thus plaintiff/petitioner has still failed to exhaust his state court remedies with respect to any claims which can be interpreted as a challenge to his 2018 parole revocation. Thus, to the extent that this complaint is also a petition for habeas relief, it must be dismissed for failure to exhaust.

With respect to any challenges to plaintiff's conditions of confinement and his claim that defendants could not impose a mental health evaluation on plaintiff, Judge Stewart found that such claims would be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). 2019 WL 2477933, at *2. The rule in *Heck* provides that the

---

[8] Plaintiff's "complaint" is a "hybrid" action. He requests both "injunctive" relief in the form of release from PRS, a habeas corpus claim, and monetary damages for alleged constitutional violations in conjunction with his conditions and revocation, which claims are properly brought as a civil rights action under section 1983. Each form of relief must be analyzed separately based on the rules governing these claims.

9

plaintiff may not bring a civil rights action for damages if a judgment plaintiff's favor "'would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" 2019 WL 2477933, at *2 (quoting *Kearney v. Kozloski*, No. 1:14-CV-1446 (GLS/DEP), 2016 WL 4690400, at *3 (N.D.N.Y. Sept. 7, 2016) (quoting *Heck v. Humphrey*, 512 U.S. at 487)) (alteration in original). *Heck* applies to the validity of confinement based upon parole revocations. 2019 WL 2477933, at *2 & n.2 (footnote 2 states that *Heck* logically also applies to a challenge to the imposition of PRS).

Judge Stewart found that plaintiff had not pled the invalidation of the conviction or of the revocation proceedings and found that plaintiff sought to "pursue that very remedy in this proceeding." *Id.* Judge Stewart recommended, and Judge Sharpe approved the dismissal without prejudice of "the remainder" of plaintiff's claims under *Heck*. Plaintiff was returned to supervision and transferred to the Southern District of New York approximately three months after Judge Sharpe's April 24, 2019 approval of Magistrate Judge Stewart's recommendation.

In plaintiff's current complaint, he does not allege that the 2018 parole/PRS decision has been invalidated in any way. Plaintiff pled guilty to the curfew violation, in satisfaction of both of the charges, and the mental health evaluation violation was withdrawn. Thus, as relates to the Northern District of New York defendants, any civil rights action challenging either the imposition of PRS or the conditions related thereto, is still barred by *Heck*. To the extent that plaintiff continues to challenge the imposition of the mental health evaluation requirement, he is doing so based on a new release,

10

against new parole officers who are in the Southern District of New York.⁹ Plaintiff is challenging other restrictions on his liberty in addition to the mental health evaluation requirement. (*See* Compl. ¶¶ 32-35, claims which remained in SDNY). The result may turn on whether the PRS was properly imposed in the first instance, an issue that Judge Stanton kept in the Southern District action.¹⁰

If the plaintiff were challenging only the imposition of the particular condition of release, which would not affect the validity of the PRS itself, he could bring a civil right action without the *Heck* bar. *See e.g. Scott v. Rosenberger*, No. 19-CV-1769 (CS), 2020 WL 4274226, at *6 (S.D.N.Y. July 24, 2020) (discussing challenges to special conditions of parole). However, this court would still recommend dismissal, based on the ongoing action in the Southern District and the duplicative nature of the claims that have been transferred here. Plaintiff can no longer obtain injunctive relief from the Northern District of New York defendants, and it appears that plaintiff never actually underwent any mental health evaluation in the Northern District of New York.¹¹

---

⁹ The exhibits to plaintiff's 2019 complaint show that on December 28, 2018, the Administrative Judge determined to "Revoke and Restore" plaintiff to supervision based on "Exceptional Mitigating Circumstances." However, as "additional special conditions," the Administrative Judge wrote: "Complete a mental health evaluation as approved by his parole officer and comply with any recommendations stemming therefrom." (19-CV-70) (Exh. J at 2). All of this information was before Magistrate Judge Stewart when he issued his Order and Report-Recommendation.

¹⁰ Judge Stanton pointed out that plaintiff/petitioner may have trouble bringing a claim regarding his 2009 resentencing because of the one-year statute of limitations for habeas corpus petitions. (Dkt. No. 8 at 7) (citing 28 U.S.C. § 2244(d)(1)-(2)).

¹¹ Plaintiff alleges in the current complaint that the New York City parole officers demanded that plaintiff have a mental health assessment in January of 2020, even after the Albany parole officials were unsuccessful," in part because the mental health providers demanded insurance that plaintiff did not have and, according to plaintiff, believed that "a mental assessment via parole is not an allowable reason to have an assessment . . . ." (Compl. ¶ 34).

Although the violation of the mental health evaluation requirement was one of the bases for his 2018 parole violation warrant, plaintiff was also arrested for a violation of his curfew, and the mental health evaluation charge was ultimately withdrawn. Plaintiff was released to PRS, and his supervision was transferred to New York City. To the extent that his new parole officers have imposed conditions of release on plaintiff, including any mental health evaluation requirements, the proper place to resolve those issues is in his pending Southern District of New York action against his current parole officers.[12] This is particularly true because Judge Sharpe dismissed all the claims against the Northern District of New York officers in plaintiff's 2019 case, and plaintiff has not made any additional claims against the Northern District defendants in this complaint.[13] Judge Sharpe ultimately dismissed plaintiff's case "with" prejudice

---

[12] Any claims regarding general parole conditions and the mental health evaluation requirement are being litigated in the Southern District of New York. The claims that were transferred to the Northern District of New York are duplicative of the plaintiff's 2019 case against the identical defendants. The court may stay or dismiss a suit that is duplicative of another federal court suit. *Brown v. Plansky*, 24 F. App'x 26, 28 (2d Cir. 2001) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2001) (dismissing action that was duplicative of prior action filed by the plaintiff). *See also Ayers v. Great Meadow Correctional Facility*, No. 9:20-CV-0069 (TJM/ATB), 2020 WL 2813462, at *3-5 (N.D.N.Y. May 29, 2020) (dismissing duplicative action on initial review as part of the court's general power to administer its docket and pursuant to 28 U.S.C. § 1915(e)). The court also notes that the exhibits in the 2019 case contain the determination of the Administrative Law Judge, who re-imposed the special condition after plaintiff's parole revocation hearing, even though the violation itself was withdrawn. (19-CV-70, Exh. J at 2). Thus, the facts in this case are the same as those before Magistrate Judge Stewart, and plaintiff has added nothing that would cause me to change that determination.

[13] Even though the dismissal was without prejudice, it was without prejudice to amendment and refiling after exhaustion (for habeas claims) and after "reversal" for 1983 claims that could affect the parole revocation. Plaintiff has not accomplished either of these requirements for refiling. It is unlikely that plaintiff could now overcome either the exhaustion bar or the *Heck* bar because he was released to PRS and is under new supervision. The time to challenge his 2018 release has passed, and thus, he would not be able to show that he exhausted his state court remedies or that the violation proceeding was reversed.

because he failed to file an amended complaint as directed by the court. (19-CV-70) (Dkt. No. 13). Instead, plaintiff chose to appeal Judge Sharpe's order to the Second Circuit which dismissed plaintiff's appeal as lacking an arguable basis in law or in fact. (*Id.*) (Dkt. No. 19 - Mandate). Thus, I will recommend dismissal of plaintiff's complaint.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED WITH PREJUDICE**, and it is

**ORDERED**, that the Clerk serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 21, 2020

Andrew T. Baxter
U.S. Magistrate Judge