UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

REUBEN AVENT,

                              Plaintiff,

-against-                                                  1:20-CV-0908 (LEK/ATB)

P.O. MEILUNAS, *et al.*,

                              Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Reuben Avent brings this pro se action against parole officers Meilunas, Arthur, Coons, Briggs, and John Doe. <u>See</u> Docket; <u>see also</u> Dkt. No. 3 ("Complaint").

On August 21, 2020, the Honorable Andrew T. Baxter, United States Magistrate Judge, recommended dismissal of the Complaint with prejudice. <u>See</u> Dkt. No. 10 ("Report-Recommendation").

For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

**II.    BACKGROUND**

    **A.  Factual History**

Plaintiff's factual allegations are summarized in the Report-Recommendation, familiarity with which is assumed. <u>See</u> R. & R. at 3.

    **B.  Procedural History**

Plaintiff initiated this action by filing the Complaint in the United States District Court for the Southern District of New York on February 6, 2020. <u>See</u> Docket. On February 13, 2020, the

Honorable Colleen McMahon, United States District Judge, granted Plaintiff's application to proceed in forma pauperis ("IFP"). See Dkt. No. 4.

On August 4, 2020, the Honorable Louis L. Stanton, United States District Judge severed Plaintiff's claims against Meilunas, Arthur, Coons, Briggs, and John Doe and transferred them to this District. See Dkt. No. 8.

On August 21, 2020, Judge Baxter issued the Report-Recommendation. See generally R. & R. Plaintiff filed objections on December, 28, 2020. See Dkt. No. 13 ("Objections").[1] Plaintiff filed supplemental objections on January 4, 2021. See Dkt. No. 14 ("Supplemental Objections").

### C. Report-Recommendation

The Report-Recommendation analyzed Plaintiff's parole revocation claims as a petition for habeas relief. See R. & R. at 9. Judge Baxter found that Plaintiff's factual allegations pertaining to the transferred claims are virtually identical to those alleged in Avent v. Meilunas, No. 19-CV-70, an earlier action filed by Plaintiff that was dismissed with prejudice.[2] See id. at 7, 12–13. Judge Baxter noted that Plaintiff's earlier action was dismissed due to his failure to exhaust his parole revocation claims. See id. at 9. Because Plaintiff has also failed to show exhaustion of state court remedies in the instant action, Judge Baxter recommended dismissal. See id.

Next, the Report-Recommendation analyzed the Complaint as a challenge to Plaintiff's

---

[1] Plaintiff's Objections were not timely filed. See Docket. However, the Report-Recommendation was initially not served at Plaintiff's proper mailing address, see Dkt. No. 12, and the Court therefore excuses the delay and considers the merits of the Objections.

[2] Plaintiff's appeal of that dismissal was dismissed by the Second Circuit because it "lack[ed] an arguable basis either in law or in fact." Avent v. Meilunas, No. 19-CV-1909, 2020 WL 3619847, at *1 (2d Cir. Mar. 12, 2020).

conditions of confinement and a claim that Defendants forced him to undergo a mental health evaluation. See id. Judge Baxter noted that, in the earlier action, these claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). See id. at 10 (quoting Avent v. Meilunas, No. 19-CV-70, 2019 WL 2477933 at *2 & n.2). Because Plaintiff does not allege that his post-release supervision is invalid, Judge Baxter recommended dismissal, citing Heck. See id. at 10.

## III.  LEGAL STANDARD

### A. Review Under 28 U.S.C. § 1915

Where, as here, a plaintiff proceeds IFP, "the court shall dismiss the case at any time" if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff is eligible to proceed IFP, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint. See id.

When a plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).

### B. Review of a Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an

objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

IV.  DISCUSSION

   A. Objections and Supplemental Objections

Plaintiff makes a number of specific objections, which entitles him to de novo review. See § 636(b). First, he argues Heck is inapplicable to "invalid sentences not giv[en] in accord with state procedures or by a sentencing judge[.]" Objs. at 2. Second, he argues Heck and the exhaustion rule do not apply to parole violations where an issue is whether a plaintiff was legally sentenced to post-release supervision. See id. at 6. Third, he argues the New York State Division of Parole is not immune from injunctive relief. See id. at 8. Finally, he argues the magistrate judge erred by recommending dismissal without ruling on his request for a temporary restraining order. See id. at 9.

In the Supplemental Objections, Plaintiff submitted exhibits: a document showing a break in his employment was temporary, apparently to show his failure to report to work should not have been a parole violation; an Equifax document showing his dates of employment as a warehouse worker at Target Corporation; an unemployment insurance document; and a benefits determination from an administrative law judge. See generally Supp. Objs.

**B. Analysis**

Starting with Plaintiff's Heck arguments, "Heck precludes § 1983 actions challenging the validity of confinement based on the revocation of parole or post-release supervision." Avent, 2019 WL 1785085, at *2 (N.D.N.Y. Apr. 24, 2019). Therefore, the Court agrees with Judge Baxter that Heck bars "any civil rights action challenging either the imposition of [post-release supervision] or the conditions related thereto[.]" R. & R. at 10.

Turning to Plaintiff's immunity argument, a court in this District disposed of that argument in Plaintiff's earlier action:

> It is true that, under the Ex parte Young doctrine, sovereign immunity does not preclude a plaintiff from seeking prospective injunctive relief against a state official acting in his or her official capacity for an ongoing violation of federal law. See Tiraco v. N.Y. State Bd. of Elections, 963 F. Supp. 2d 184, 192 (E.D.N.Y. 2013) (internal citations omitted). But that exception applies to state officials and not a state agency itself. See id. at 192–93 (collecting cases).

Avent, 2019 WL 1785085, at *2.

Finally, the Court addresses Plaintiff's argument that the Report-Recommendation failed to address his request for a temporary restraining order. Judge Baxter noted that "any request for 'injunctive relief' which includes release from [post-release supervision] may only be brought in a petition for habeas corpus pursuant to 28 U.S.C. § 2254." R. & R. at 3 n.3; see also Hall v. NYS Division of Parole, 225 F.3d 645 (2d Cir. 2000). And the Report-Recommendation analyzed whether Plaintiff was entitled to habeas relief and found that he was not. See R. & R. at 9. Thus, the Court upholds this portion of the Report-Recommendation as well.

The Court finds no clear error in the portions of the Report-Recommendation to which

Plaintiff did not object.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 10) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 3) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    May 19, 2021
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge